FILED
IN CLERKS OFFICE

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF EASTERN MASSACHUSETTS

U.S. DISTRICT COURT
DISTRICT OF MASS.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

-David Konze, individually
PO Box 474
Concord, NH 03302-0474

**JURY TRIAL DEMANDED**

v.

**Civil Action No.**

-City of Salem, MA
Town Hall
93 Washington St.
Salem, MA 01970

-City of Peabody, MA
Town Hall
24 Lowell St
Peabody, MA 01960

-Boston Housing Authority
52 Chauncy St.
Boston, MA 02111

-Police Officer John Doe #1 in both his Official and Individual Capacity, as an employee of the City of Salem, MA Police Department;

-Police Officer John Doe # 2 in both his Official and Individual Capacity, as an employee of the City of Salem, MA Police Department;

-Police Officer John Doe #3, in both his Official and unofficial capacity as an employee of the City of Salem, MA Police Department;

-Boston Housing Authority Officer John Doe #4, in both his Official and unofficial capacity as an employee of the Boston Housing Authority;

-Police Officer John Doe # 5, in both his Official and unofficial capacity as an employee of the City of Peabody Police Department;

**Defendants**

1

## COMPLAINT - CIVIL ACTION

**NOW COMES** the Plaintiff David Konze and hereby brings this civil action for damages, costs, and fees arising from the Defendant's assault, harassment and unlawful detention, without proper due process

## PARTIES

1. Plaintiff David Konze (hereinafter "Konze" or "Plaintiff") with a mailing address P.O Box 474 Concord, NH 03302-4474

2. Defendant, City of Salem, MA (hereinafter, "City of Salem, MA")

3. Defendant, City of Peabody, MA (hereinafter, "City of Peabody, MA")

4. Defendant, Boston Housing Authority, Boston, MA (hereinafter, "BHA")

5. Police Officer John Doe #1 (hereinafter "Salem Police Officer John Doe #1") in both his Official and Individual Capacity, as an employee of the City of Salem, MA Police Department;

6. Police Officer John Doe #2 (hereinafter "Salem Police Officer John Doe #2") in both his Official and Individual Capacity, as an employee of the City of Salem, MA Police Department;

7. Police Officer John Doe #3 (hereinafter "Salem Police Officer John Doe #3") in both his Official and Individual Capacity, as an employee of the City of Salem, MA Police Department;

8. Police Officer John Doe #4 (hereinafter "BHA Officer John Doe #4") in both his Official and Individual Capacity, as an employee of the Boston Housing Authority, a public agency of the City of Boston, MA;

9.  -Police Officer John Doe #5 (hereinafter "Peabody Police Officer John Doe #5") in both

his Official and Individual Capacity, as an employee of the City of Peabody, MA Police

Department;

## JURISDICTION

5.  This is a civil rights action brought by Plaintiff Konze to seek relief for the Defendants'

violations of his rights secured by the Civil Rights Act of and 1871, 42 U.S.C. §1983 and the rights

secured by the Fourth, Fifth and Fourteenth Amendments to the United States Constitution and the

rights secured under the Constitution of the Commonwealth of Massachusetts, Article 19, and the

common law of the Commonwealth of Massachusetts. Plaintiff seeks compensatory and punitive

damages, injunctive and declaratory relief, and such other relief as this Court deems equitable and

just.

10. This Court has supplemental jurisdiction for state causes of action under 28 U.S.C. §

1367.

## BACKGROUND FACTS

11. On 11/10/2016, at approximately 2:00 PM, BHA Officer John Doe #4 flashes plaintiff his

badge while both Konze and BHA Officer John Doe #4 are traveling Northbound on

Route 128 in Peabody, MA

12. BHA Officer John Doe #4 proceeds to follow Konze off of the highway off ramp after

Konze Exits the highway. BHA Officer John Doe #4 proceeds to follow Konze for over

five miles through Peabody, MA to the DPH Licensed Medicinal Marijuana Dispensary

Alternative Therapies Group located at 40 Grove St, Salem, MA 01970

④

13. Upon exiting Alternative Therapies Group,  BHA Officer John Doe #4 reached for his waist and ordered Konze to first stay where Konze was standing, then ordered plaintiff to go to his vehicle

14. While Konze was attempting to get into his vehicle, he was assaulted by BHA Officer John Doe #4 and thrown into the Driver's side front street

15. After BHA Officer John Doe #4 had thrown Konze into his car, Peabody Police Officer John Doe #5 and Salem Police Officer's John Doe #1, John Doe # 2 and John Doe #3 arrive.

16. As Peabody Police Officer John Doe #5, interrogated Konze,  Salem Police Officer's John Doe #1, John Doe #2 and John Doe #3 looked on but didn't *Intervene* as BHA Officer John Doe # 4 wrote Konze a "Lane Change Violation" for a fine of $100 from Peabody Police Officer John Doe #5 citation book

**JURISDICTION**

17. Jurisdiction is conferred upon this court by 28 U.S.C 1331 and 1343(3) and (4), as this action seeks redress for the violation of the Plaintiff's Constitutional and Civil Rights.

18. Plaintiff further invokes this Court's supplemental jurisdiction, pursuant to 28 U.S.C. 1367(a) over any and all Commonwealth of Massachusetts Constitution and State Law claims that are so related to this claim, within the original Jurisdiction of this Court that they form part of the same case or controversy.

19. Defendant City of Salem, MA and the City of Peabody MA are both incorporated municipalities, authorized under the laws of the Commonwealth of Massachusetts to maintain a Police Department, which acts as its agent in the area of law enforcement and

for which it is ultimately responsible. The City assumes the risks incidental to the maintenance of a Police Force and the employment of Police Officers.

20. Defendant Boston Housing Authority is a Public Agency of the City of Boston, Massachusetts authorized under the laws of the Commonwealth of Massachusetts to maintain enforcement of subsidized housing for low income individuals and families inside of the City of Boston. Its enforcement officers acts as its agent in the area of law enforcement and for which it is ultimately responsible. The Agency assumes the risks incidental to the maintenance of an enforcement arm and the employment of its Officers.

21. At all relevant times, the Cities of Salem, MA and Peabody, MA ~~and~~ ARE authorized under the laws of the Commonwealth of Massachusetts to maintain a Police Department, which acts as its agent in the area of law enforcement and for which it is ultimately responsible. The Cities assume the respective risks incidental to the maintenance of a Police Force and the employment of Police Officers.

22. Defendants' City of Salem, Police Officer John Doe #1, Police Officer John Doe #2 and Police Officer John Doe #3 is and/or were at all relevant times herein, Police Officers, Employees and agents of the Salem Police Department, a municipal agency of the City of Salem, MA, Defendants were/are duly appointed and acted as Police Officers of the Salem Police Department. Police Officer John Doe #1, Police Officer John Doe #2, Police Officer John Doe #3, are all being sued in their Official and Individual Capacities.

23. Defendants, at all relevant times, relevant herein, were on duty with the Salem, MA Police Force.

24. Defendant, Peabody Officer John Doe #5, is and/or was at all relevant times herein, a Police Officer, Employee and agent of the Peabody, MA Police Department, a municipal

agency of the City of Peabody, MA, Defendant was/is duly appointed and acted as Police

Officers of the Salem Police Department. Police Officer John Doe #5, is being sued in his

Official and Individual Capacity.

25. Peabody Police Officer John Doe # 5, Defendant, at all relevant times, relevant herein,

was on duty with the Peabody, MA Police Force.

26. Defendant, Boston Housing Authority Officer John Doe #4, is and/or was at all relevant

times herein, an Officer, Employee and agent of the BHA, a public municipal agency of

the City of Boston, MA, Defendant was/is duly appointed and acted as an Enforcement

Officer of the BHA. BHA Officer John Doe #4, is being sued in his Official and

Individual Capacity.

27. BHA Officer John Doe # 4, Defendant, at all relevant times, relevant herein, was on duty

with the BHA, Boston, MA Enforcement Division.

28. The conduct of the defendants' in harassing and assaulting Konze, proximately caused

physical, emotional pain and suffering, missing teeth, loss of enjoyment of life, mental

anguish, shock, fright and embarrassment with the violation of his Constitutional Rights.

Konze has and continues to suffer trauma and humiliation as a result of being publicly

assaulted and harassed

29. At all times, relevant herein, Defendants acted intentionally, willfully, negligently and

with reckless disregard for and deliberate indifference to Konze's Rights, physical and

mental well being by harassing and assaulting Plaintiff

30. The actions of the Defendants, as set forth herein, were the result of the failure of the City

of Salem, MA, City of Peabody, MA and the BHA Police/Agency Department to

properly train, supervise and discipline its officers. The failure to train, supervise and

discipline its officers. The aforementioned failures of supervision, training and discipline are, in part, responsible for the unconstitutional, deliberate, negligent, careless and intentional actions of Salem Police Officer John Doe #1, Salem Police Officer John Doe #2, Salem Police Officer John Doe #3, BHA Officer John Doe #4 and Peabody Police Officer John Doe #5

31. Defendants actions were done willfully and knowingly to deprive Konze of his Constitutional Rights, under the 4th, 5th and 14th amendments to the United States Constitution. Defendants are liable for violation of 42 U.S.C. 1983 which prohibits the deprivation, under the Color of State Law, of individuals rights secured under the United States Constitution.

**JURY DEMAND**

32. Plaintiff requests Trial by Jury in this action on each and every one of his claims

**COUNT I**
Violation of 42 U.S.C. § 1983
Violation of the 4th, 5th and 14th Amendments of the U.S. Constitution

33. The allegations in Paragraphs 1 through 32 are realleged and incorporated herein.

34. By the Defendants' conduct, as described herein, and acting under the color of State Law to deprive Konze of his right to be free from harassment, assaults and searches with no probable cause, as is required by the Fourth Amendment, and denial of proper due process as stated in Amendments five and fourteen of the United States Constitution, Defendants are liable for violation of 42 U.S.C. § 1983, which prohibits the deprivation, under the Color of State Law of the Rights secures under the United.

**COUNT II**
(Declaratory Judgment)
Wherefore, Plaintiff prays for relief as follows:

35. A declaration that the Defendant's conduct violated the 4th, 5th, and 14th amendments to the United States Constitution and Plaintiff's Rights under the Commonwealth of Massachusetts Constitution and State Common Law in the matters alleged herein, upon evidence adduced at trial or otherwise.

36. Award Konze compensatory damages against the Defendants, including, but not limited to any emotional distress, recompensable costs related to his Criminal Defense related to the citation for the alleged "Lane change violation", and any other compensatory damages as permitted by law and according to proof at trial.

37. Award Plaintiff Punitive Damages

38. Award Plaintiff attorneys fees pursuant to 42 U.S.C. 1988

39. Award costs of suit pursuant to 42 U.S.C. 1920 and 1988; and

40. Award Plaintiff other relief as this court may deem appropriate.

## JURY DEMAND

41. Konze hereby demands a trial by a jury on all issues triable by jury.

Respectfully submitted,

10/20/2019

David Konze, pro se plaintiff
P.O. Box 474
Concord, NH 03302-0474
978/604/7721